IN THE SOUTHERN DISTRICT OF ILLINOIS
UNITED STATES OF AMERICA

DIEGO MILLER,

WARLLEY SOARS                                    Case No:

and                                              Division:

WARLEY SANTIAGO,

    Plaintiffs,

vs.

PAM TRANSPORT, INC.

Serve:
National Resident Agent Service, Inc.
Sullivan, Hincks & Conway
Daniel C. Sullivan
120 West 22nd Street
Suite 100
Oak Brook, IL 60523

and

JAMES OLIVER DOTSON,

Serve:
Defendant
4036 Maffitt Ave.
St. Louis, MO 63113,

    Defendants.

## **COMPLAINT**

  **COMES NOW** Plaintiffs, Diego Miller, Warlley Soars, and Warley Santiago, by and through their undersigned attorneys, and for their causes of action against Defendants PAM Transport, Inc. and James Oliver Dotson, states as follows to the Court:

## **GENERAL ALLEGATIONS**

1.      Plaintiffs are residents of Colorado.

2.      Defendant James Oliver Dotson is a resident of Missouri.

3.      At all times relevant herein, Defendant PAM Transport, Inc. is an Arkansas corporation registered with the Arkansas Secretary of State, with its principal place of business and registered agent located at 297 West Henri de Tonti Boulevard, Tontitown, AR 72770.

4.      This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

5.      Defendant PAM Transport, Inc. owned the 2015 Great Dane CCC3 ("Great Dane") tractor being operated by James Oliver Dotson at the time of the collision.

6.      At all times relevant to this case, Defendant James Olive Dotson was an agent and/or employee (hereinafter to refer to statutory or otherwise) of defendant PAM Transport, Inc. and was acting within the course and scope of his agency and/or employment

7.      At the time of the collision referenced in this complaint, Defendant PAM Transport, Inc. was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.      At all times relevant, PAM Transport, Inc. was operating as an interstate commercial motor carrier.

9.      At all relevant times, PAM Transport, Inc. was operating as a for-hire motor carrier.

10.      At all times relevant, PAM Transport, Inc. had authority to operate as a common carrier.

11.      At all times relevant herein and at the time of this crash, Defendant PAM Transport, Inc. was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

12.    At all times relevant herein and at the time of this crash, Defendant PAM Transport, Inc. was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant PAM Transport, Inc.

13.    At all times relevant herein and at the time of this crash, Defendant James Oliver Dotson was operating a tractor-trailer in the course and scope of his employment and agency with Defendant PAM Transport, Inc.

14.    Defendant PAM Transport, Inc. is liable for all acts and omissions of Defendant James Oliver Dotson while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

15.    Defendant PAM Transport, Inc., and its agents, servants, employees, and drivers, including Defendant James Oliver Dotson, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

16.    In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

17.    In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

18.     At all times relevant to this case, Defendant James Oliver Dotson was a driver of the Great Dane and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

19.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

20.     At all times relevant to this case, the tractor-trailer driven by Defendant James Oliver Dotson was a semi-trailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

21.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. §390.5.

22.     At all times relevant to this case, Defendant PAM Transport, Inc. was an "employer," as defined by the Motor Carrier Safety Regulations.

23.     At the time of this incident and at all times herein mentioned, Defendant James Oliver Dotson was operating the Freightliner as a driver for Defendant PAM Transport, Inc.

24.     On or about March 1, 2017, at approximately 2:10 a.m., Plaintiff Diego Miller was operating a 2008 Chevrolet Express on westbound on Interstate 64 in Washington County, Illinois.

25.     On March 1, 2017 at approximately 2:10 a.m., Plaintiffs Warlley Soars and Warley Santiago were passengers in the 2008 Chevrolet Express being driven by Plaintiff Diego Miller.

26.     At that time and place, Plaintiff Diego Miller was traveling in the left lane when Defendant James Oliver Dotson proceeded to cross over the center line into the left lane violently crashing into the side of the vehicle being driven by Diego Miller.

27.     Defendant James Oliver Dotson then crossed the center line a second time again

violently crashing into the vehicle being driven by Plaintiff Diego Miller causing Plaintiffs Diego Miller, Warlley Soars and Warley Santiago to travel off the roadway to the left.

28.     Plaintiffs Diego Miller, Warlley Soars and Warley Santiago continued to travel into the center median and rolled over onto the driver's side.

29.     Westbound Interstate 64 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the State of Illinois.

30.     Plaintiffs Diego Miller, Warlley Soars, and Warley Santiago suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

31.     At the time of the crash, the truck operated by Defendant James Oliver Dotson bore the name of Defendant PAM Transport, Inc. as well as its DOT number and/or MC (operating authority) number.

32.     The negligence of Defendants PAM Transport, Inc. and James Oliver Dotson, directly and proximately, caused or contributed to cause injuries to Plaintiffs Diego Miller, Warlley Soars, and Warley Santiago as described in greater detail herein.

33.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Diego Miller injured his head, neck, back, ribs, arm, shoulder, knee, eye and chest.

34.      As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warley Santiago injured his head, neck, back and right shoulder.

35.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warlley Soars injured his face, right hand, shoulder, neck and back.

36.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Diego Miller has suffered pain and suffering and will continue to suffer.

37.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warley Santiago has suffered pain and suffering and will continue to suffer.

38.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of PAM Transport, Inc., and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warlley Soars has suffered pain and suffering and will continue to suffer.

39.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants PAM Transport, Inc. and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Diego Miller has incurred medical bills in excess of $58,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

40.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants PAM Transport, Inc. and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warley Santiago has incurred medical bills in excess of $65,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

41.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants PAM Transport, Inc. and its agents, servants, and employees, including James Oliver Dotson, Plaintiff Warlley Soars has incurred medical bills in excess of $34,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

## COUNT I

## NEGLIGENCE OF DEFENDANT JAMES OLIVER DOTSON

**COMES NOW** Plaintiffs Diego Miller, Warlley Soars, and Warley Santiago (hereinafter "Plaintiffs") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

42.     At the time of this crash, Defendant James Oliver Dotson negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)     Driving too fast for conditions in violation of 625 ILCS 5/11-601(a);

b)     Failing to reduce speed to avoid a collision in violation of 625 ILCS 5/11-601(a);

c)     Failing to keep a proper lookout;

d)     Failing to keep his tractor-trailer within its lane of traffic;

e)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

f)     Failing to reduce speed to avoid a collision;

g)     Operating the tractor-trailer without adequate training and experience;

h)     Operating the tractor-trailer when not properly qualified to do so;

i)     Driving while tired and/or fatigued;

i)     Driving while under the unsafe side-effects of prescription medication;

j)     Driving overly aggressive;

m)     Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiffs' vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care

n)     Improper traffic lane usage

43.     At least one of the negligent acts or omissions by Defendant James Oliver Dotson,

as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiffs.

44.     As a direct and proximate result of the negligence of Defendant James Oliver Dotson, Plaintiffs were seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

45.     Defendant James Oliver Dotson knew or should have known that his conduct as described herein created a high degree of probability of injury.

46.     Defendant James Oliver Dotson was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

47.     The operation of the tractor-trailer by Defendant James Oliver Dotson and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

48.     The conduct of Defendant James Oliver Dotson as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiffs Diego Miller, Warlley Soars, and Warley Santiago pray for

judgment against Defendant James Oliver Dotson in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO.

**COMES NOW** Plaintiffs and fully incorporates, and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

49.     Based upon all aforementioned allegations, Defendant PAM Transport, Inc. Trucking Co. is vicariously liable for the negligence of Defendant James Oliver Dotson based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiffs pray for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## VICARIOUS LIABILITY AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO.

**COMES NOW** Plaintiffs and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

50.     At all times relevant, Defendant James Oliver Dotson was acting in the course and scope of his agency and/or employment with Defendant PAM Transport, Inc. Trucking Co.

51.     Based upon the prior allegations, Defendant PAM Transport, Inc. Trucking Co. is vicariously liable for the negligence of Defendant James Oliver Dotson based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiffs pray for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV
## INDEPENDENT NEGLIGENCE AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO.

**COMES NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

52.     At all times relevant, Defendant PAM Transport, Inc. was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

53.     Throughout its existence, Defendant PAM Transport, Inc. has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

54.     As an interstate motor carrier, Defendant PAM Transport, Inc. has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

55.     The various safety regulations included within Parts 390 – 397, of which Defendant PAM Transport, Inc. had a duty to follow, include, but are not limited to, the following:

   a.   Defendant PAM Transport, Inc. had an independent duty to require observance by

its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.   Defendant PAM Transport, Inc. had a duty to not require or permit a driver, including Defendant James Oliver Dotson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.   Defendant PAM Transport, Inc. had a duty to not allow or permit a driver, including Defendant James Oliver Dotson, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.   Defendant PAM Transport, Inc. had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.   Defendant PAM Transport, Inc. had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant PAM Transport, Inc. an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.   Defendant PAM Transport, Inc. had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.   Defendant PAM Transport, Inc. had an independent duty to obtain the motor

vehicle record of every driver it employs, including Defendant James Oliver Dotson, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.   Defendant PAM Transport, Inc. had an independent duty require each of its drivers, including Defendant James Oliver Dotson, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.   Defendant PAM Transport, Inc. had an independent duty to prohibit its employees, including Defendant James Oliver Dotson, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.   Defendant PAM Transport, Inc. had an independent duty to ensure that its drivers, including Defendant James Oliver Dotson, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.   Defendant PAM Transport, Inc. had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant James Oliver Dotson on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash.  40 C.F.R. §396.3.

56.     That Defendant PAM Transport, Inc. had a duty to comply with the Federal

Motor Carrier Safety Regulations including the specific aforementioned regulations.

57.     That it is customary standard in the motor carrier industry to have in place an

adequate safety program administered by competent and adequately trained safety personnel to

ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety

Regulations, including but not limited the specifically aforementioned regulations.

58.     That, at all times prior to the aforementioned collision, Defendant PAM

Transport, Inc. failed to have in place an adequate safety program.

59.     As a result of its inadequate and/or inexistent safety program, Defendant PAM

Transport, Inc. violated numerous Federal Motor Carrier Safety Regulations including, but not

limited to the specifically aforementioned regulations prior to the aforementioned collision

involving Plaintiffs.

60.     As a result of its inadequate and/or inexistent safety program, Defendant PAM

Transport, Inc. allowed its drivers, including Defendant James Oliver Dotson, to violate

numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically

aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

61.     That Defendant PAM Transport, Inc.'s violation of numerous Federal Motor

Carrier Safety Regulations, including the specifically aforementioned regulations created a

danger to the health, welfare, and safety of the motoring public, including Plaintiffs.

62.     Defendant PAM Transport, Inc. was thereby negligent in that it failed to

implement an adequate safety program and it violated numerous Federal Motor Carrier Safety

Regulations, including but not limited to the specifically aforementioned regulations.

63.     Defendant PAM Transport, Inc. was thereby negligent in that it failed to

implement an adequate safety program and it failed to ensure that its agents, employees and

drivers, including Defendant James Oliver Dotson, complied with the Federal Motor Carrier

Safety Regulations, including but not limited to the specifically aforementioned regulations.

64.     As a direct and proximate result of the independent negligence of Defendant PAM Transport, Inc., Plaintiffs were injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

65.     Defendant PAM Transport, Inc. knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs.

66.     The conduct of Defendant PAM Transport, Inc. as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

67.     Because of Defendant PAM Transport, Inc.'s willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant PAM Transport, Inc. and to deter others from similar conduct.

68.     Defendant PAM Transport, Inc.'s reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiffs described herein.

**WHEREFORE** Plaintiffs pray for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## DIRECT NEGLIGENCE AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

69.     At all times prior to the aforementioned collision, Defendant PAM Transport, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

70.     Such duties include, but are not limited to:

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

71.      Defendant PAM Transport, Inc. had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

72.      Defendant James Oliver Dotson was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

73.      That, because of Defendant James Oliver Dotson's aforementioned inadequacies, Defendant PAM Transport, Inc. should not have hired him to operate a commercial motor vehicle.

74.      That Defendant PAM Transport, Inc. knew, or through the exercise of ordinary care should have known that Defendant James Oliver Dotson was unqualified to safely operate a commercial motor vehicle.

75.      That by failing to properly and adequately screen and investigate its drivers, including Defendant James Oliver Dotson, before and during employment, Defendant PAM Transport, Inc. violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

76.      Had Defendant PAM Transport, Inc. obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant James Oliver Dotson was unqualified to safely operate a commercial motor vehicle.

77.      Defendant James Oliver Dotson's negligent actions on the day of the collision

with Plaintiffs were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

78.     Defendant PAM Transport, Inc.' actions and omissions in hiring Defendant James Oliver Dotson, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiffs resulting from the aforementioned motor vehicle collision.

79.     Defendant PAM Transport, Inc.' actions and omissions in hiring Defendant James Oliver Dotson, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

80.     Defendant PAM Transport, Inc.' willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant PAM Transport, Inc. and to deter others from similar conduct.

**WHEREFORE** Plaintiffs prays for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## <u>COUNT VI</u>

## <u>DIRECT NEGLIGENCE AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO. BASED UPON NEGLIGENT TRAINING</u>

**COMES NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

81.     Defendant PAM Transport, Inc. owed the general public, including Plaintiffs, a

duty to properly train its drivers, including Defendant James Oliver Dotson, on the safe operation of a tractor-trailer.

82.     Defendant PAM Transport, Inc. failed to properly instruct Defendant James Oliver Dotson on the safe operation of a tractor-trailer.

83.     Defendant PAM Transport, Inc. owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant James Oliver Dotson, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

84.     At all times prior to the aforementioned collision, Defendant PAM Transport, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

85.     Such duties include, but are not limited to:

        a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

        b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

        c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

86.     Defendant PAM Transport, Inc. had a duty to properly instruct its drivers, including Defendant James Oliver Dotson on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

87.     Defendant PAM Transport, Inc. failed to properly instruct Defendant James

Oliver Dotson on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

88.    Defendant PAM Transport, Inc. owed the general public, including Plaintiffs, a duty to provide ongoing safety courses to its drivers, including Defendant James Oliver Dotson.

89.    Defendant PAM Transport, Inc. failed to provide adequate continuing safety courses to Defendant James Oliver Dotson.

90.    Defendant PAM Transport, Inc. had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

91.    Defendant PAM Transport, Inc. breached its duty to the general public, including the Plaintiffs, by its failing to properly train Defendant James Oliver Dotson, Defendant PAM Transport, Inc.' tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

92.    Based on Defendant James Oliver Dotson's driving history, inadequate experience, and training, Defendant PAM Transport, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

93.    That Defendant PAM Transport, Inc. was negligent in failing to properly train its drivers, including Defendant James Oliver Dotson, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

94.    That Defendant PAM Transport, Inc. was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

95.     That Defendant James Oliver Dotson's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant PAM Transport, Inc. failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

96.     These actions and omissions of Defendant PAM Transport, Inc. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

97.     Defendant PAM Transport, Inc.' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

98.     Plaintiffs' injuries were directly and proximately caused by Defendant PAM Transport, Inc.' breach of and failure to comply with its duty to properly train Defendant James Oliver Dotson, its tractor-trailer driver.

**WHEREFORE** Plaintiffs pray for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII
## DIRECT NEGLIGENCE AGAINST DEFENDANT PAM TRANSPORT, INC. TRUCKING CO. BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated in this count and further states:

99.     Defendant PAM Transport, Inc. owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

100.    Defendant PAM Transport, Inc. had a duty to not require or permit a driver, including Defendant James Oliver Dotson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

101.    Defendant PAM Transport, Inc. had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

102.    Defendant PAM Transport, Inc. had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

103.    Defendant PAM Transport, Inc. had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

104.    Defendant PAM Transport, Inc. had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

105.    Defendant PAM Transport, Inc. had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

106.    Defendant PAM Transport, Inc. had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

107.    Defendant PAM Transport, Inc. had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including

the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

108.    Defendant PAM Transport, Inc. breached its above listing duties to the general public, including the Plaintiffs, by its failing to properly supervise Defendant James Oliver Dotson, Defendant PAM Transport, Inc.' tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

109.    Based on Defendant James Oliver Dotson's driving history, lack of supervision and continued retention by his employer, Defendant PAM Transport, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

110.    These actions and omissions of Defendant PAM Transport, Inc. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

111.    Defendant PAM Transport, Inc.' willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

112.    Plaintiffs' injuries were directly and proximately caused by Defendant PAM Transport, Inc.'s breach of and failure to comply with its duty to properly train Defendant James Oliver Dotson, its tractor-trailer driver.

**WHEREFORE** Plaintiffs pray for judgment against Defendant PAM Transport, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Joshua P. Myers

_____
    Joshua P. Myers, IL #6284637
    Deme E. Sotiriou, IL #6288773
    999 Executive Parkway, Suite 205
    St. Louis, Missouri 63141
    Telephone:  314-744-8900
    Facsimile:  314-720-0744
    E-mail: deme@schultzmyers.com
            josh@schultzmyers.com