# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIEGO MILLER, et al., | |
| Plaintiffs, | |
| v. | Case No.: 19-242 JPG/GCS |
| PAM TRANSPORT INC, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the complaint (Doc. 1) filed by plaintiffs:

> **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. Complaint alleges residence but not citizenship of Plaintiffs Miller, Soars, Santiago and Defendant Dotson.

The Court hereby **ORDERS** that the plaintiffs shall have up to and including March 14, 2019 to amend the faulty pleading to correct the jurisdictional defect. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: February 28, 2019**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**