UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIEGO MILLER, WARLLEY SOARS, and
WARLEY SANTIAGO,

               Plaintiffs,

        v.

PAM TRANSPORT INC. and JAMES
OLIVER DOTSON,

              Defendants.

Case No. 19-cv-242-JPG-GCS

## MEMORANDUM AND ORDER

This case arose after a tractor-trailer owned by defendant PAM Transport Inc. ("PAM")

and driven by its employee defendant James Oliver Dotson collided with a van driven by

plaintiff Diego Miller in which plaintiffs Warlley Soars, and Warley Santiago were passengers.

All vehicles were traveling westbound on Interstate 64 in Washington County, Illinois, at the

time of the accident. Miller, Soars, and Santiago filed this lawsuit to recover for their injuries.

The matter is before the Court now on the defendants' motion to dismiss the plaintiffs' First

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the First

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) (Doc. 18). The plaintiffs

have responded to the motion (Doc. 28), and the defendants have replied to that response (Doc.

32).

The plaintiffs' First Amended Complaint alleges the following causes of action:

**Count I:**       a claim for negligence and willful and wanton conduct against Dotson
based on his operation of the tractor-trailer without observing various
Illinois statutory duties (*e.g.*, driving too fast for conditions and failing to
reduce speed to avoid a collision, 625 ILCS 5/11-601(a)) and common law
duties (*e.g.*, failing to keep a proper lookout) imposed on drivers in the
state;

**Count II:** a claim against PAM seeking to hold it vicariously liable for Dotson's negligence described in Count I based on employment, logo, and/or lease liability theories;

**Count III:** a claim against PAM seeking to hold it vicariously liable for Dotson's negligence described in Count I based on agency and *respondeat superior* theories;

**Count IV:** a claim against PAM for its own negligence and willful and wanton conduct in failing to comply with various Federal Motor Carrier Safety Regulations ("FMCSRs") and in failing to have an adequate safety program to ensure such compliance;

**Count V:** a claim against PAM for its own negligence and willful and wanton conduct in hiring and retaining Dotson, an unqualified driver, based on its failure to adequately screen and investigate him as required by the FMCSRs;

**Count VI:** a claim against PAM for its own negligence and willful and wanton conduct in failing to train Dotson on the safe operation of a tractor-trailer, including the training and rules set forth in the FMCSRs; and

**Count VIII:**[1] a claim against PAM for its own negligence and willful and wanton conduct in failing to supervise Dotson and to discharge him because he was an unsafe driver as provided by the FMCSRs.

## I.    Legal Standards

### A.    Rule 12(b)(6) Standard for Dismissal

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

---

[1] The plaintiffs' First Amended Complaint does not contain a Count VII.

right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.[2]

    B.    Rule 12(f) Standard for Striking

        Federal Rule of Civil Procedure 12(f) governs whether to strike matters from a pleading. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

---

[2] The Court has disregarded the documents the plaintiffs have attached to their response, which constitute matters outside the pleadings that are not to be considered in a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d).

## II.    Analysis

As a preliminary matter, often the defendants do not distinguish their requests for dismissal and striking or provide relevant argument tailored to each request.  Instead, they simply set them forth and then periodically ask the Court to dismiss or strike matter without any explanation of how the legal standards apply to their requests.  This alone would justify denying those requests as unsupported by relevant argument.  Nevertheless, the Court addresses their legal points anyway.

### A.    Negligence *Per Se*

The defendants first assert that Counts I, IV, V, VI, and VIII are based solely on violations the FMCSR and are therefore essentially under a negligence *per se* theory.  That, they argue, is improper where the only standard of care for any driver in Illinois is simply the duty of ordinary care.  The plaintiffs counter that they have not alleged negligence *per se* but have appropriately pointed to violations of the FMCSRs as evidence in support of their adequately pled Illinois negligence claims.

The defendants are correct that under Illinois law, every driver on Illinois roads owes other drivers a duty of ordinary care to avoid placing himself or others in danger and to avoid a collision.  *Tipsword v. Melrose*, 301 N.E.2d 614, 618 (Ill. App. Ct. 1973) (citing Illinois Pattern Jury Instruction 70.01).  However, that duty is supplemented by statutory duties in the Illinois Vehicle Code, 625 ILCS 5/1-100 *et seq.  See, e.g., id.* at 616-17 (citing Illinois Pattern Jury Instruction 70.02).  Count I is based on just such alleged breaches of the duty of ordinary care and supplemental statutory duties.  In that count, the plaintiffs assert that Dotson negligently operated the tractor-trailer he was driving and then list thirteen ways in which he failed to exercise that duty of ordinary care or a statutory duty imposed by the Illinois Vehicle Code.  This

is not a novel or impermissible way of pleading negligence in connection with a traffic accident.[3]

Although the plaintiffs mention the FMCSRs in their articulation of their request for punitive damages against Dotson, that is an entirely proper method of supporting a claim for punitive damages. *See Trotter v. B & W Cartage Co.*, No. 05-CV-0205-MJR, 2006 WL 1004882, at *9 n.1 (S.D. Ill. Apr. 13, 2006) (citing cases approving of safety regulation violations to establish the level of culpability required for punitive damages). Here, the plaintiffs do not rely on those specific standards as stated in the FMCSR as a basis for a negligence *per se* claim in Count I but only in connection with their pleading of punitive damages. For this reason, the Court rejects that defendants' argument for dismissing and/or striking Count I.

As for the direct negligence claims against PAM in Counts IV, V, VI, and VIII, the Court is puzzled as to how the standard of care applicable to *drivers* in their conduct on the road could have any relevance to the independent negligence of *employers* for failing to have adequate safety programs or for negligently hiring, retaining, training, or supervising one of their employees. In the absence of any such explanation, the Court cannot strike or dismiss Counts IV, V, VI, or VIII on that basis.

In any case, the Court finds FMCSR violations are, at a minimum, appropriate evidence

---

[3] Neither party addresses the applicability of 49 C.F.R. § 392.2, which indeed sets a higher standard of care for commercial motor carrier operators:

> Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

*See Weaver v. Chavez*, 35 Cal. Rptr. 3d 514, 518-19 (Cal. Ct. App. 2005) (finding miscarriage of justice where jury instructed as to standard of ordinary care rather than higher standard under FMCSRs),

to support a claim of negligence. *See Brandes v. Burbank*, 613 F.2d 658, 663 (7th Cir. 1980) (acknowledging that violation of a regulation can be treated as negligence *per se* or simply as evidence of a violation subject to rebuttal). In other words, the plaintiffs may cite to evidence of FMCSR violations as evidence of negligence, but PAM may argue that any such violation was consistent with its duty of care so it was not negligent. *Id.*

In sum, the defendants have not convinced the Court that the plaintiffs' citations to the FMCSRs in the First Amended Complaint would prevent them from prevailing in their claims or would cause the defendants any prejudice such that the references should be stricken.

B.     Count II

Without any citation to legal authority, the defendants ask the Court to dismiss Count II on the grounds that Dotson was an employee of PAM and that PAM owned the tractor-trailer. The defendants have waived the argument for the purposes of this motion by failing to provide any supporting legal citation or argument. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" are waived).

C.     Adequacy of Facts Pled

The defendants ask the Court to dismiss the First Amended Complaint as failing to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The defendants claim the plaintiffs' First Amended Complaint is too long and contains unnecessary allegations, yet at the same time fails to plead sufficient facts showing the plaintiffs are entitled to the relief they seek. The plaintiffs contend their pleading does not violate any pleading rule and is sufficient to state their causes of action under the liberal federal notice pleading standard even after *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has carefully reviewed the plaintiffs' seven-count First Amended Complaint and finds that, although the pleading is a bit verbose yet does not contain many detailed facts, it describes the plaintiffs' claims in enough detail to give the defendants fair notice of the claims and the grounds on which they rest. Furthermore, it plausibly suggests the plaintiffs have a right to relief based on the negligence of one or both of the defendants. This is all Rule 8(a) requires. It is not so verbose as to be unwieldy or to prejudice the defendants. To the extent any of the specific legal theories and their factual bases are not crystal clear, such uncertainties can be—and are expected to be in any case—resolved during discovery and dismissed at the summary judgment stage, if warranted.

For these reasons, the First Amended Complaint is not subject to dismissal for pleading inadequacies.

D.    Reptile Theory

The defendants accuse the plaintiffs of improperly pursuing a "reptile theory," that is, arguing to the jury that their very own safety is in issue if the defendants are not held accountable. They point to the plaintiffs' allegations of the defendants' duty to "the motoring public" or for "the safety of others."

This complaint strikes the Court as odd in light of the defendants' first point in their motion that the plaintiff does, indeed, owe a "duty of ordinary care to avoid *placing . . . others in danger*." Illinois Pattern Jury Instruction 70.01 (emphasis added). How this differs from a duty for the safety of others is not clear.

In any case, the defendants are premature in their argument. This case is at the pleading stage, not the trial stage, and no arguments are being made to the jury at this point. If this case

makes it to a jury trial, the defendants may seek to bar a "reptile theory" argument in a motion *in limine* at that time. Until then, there is no harm from allowing the First Amended Complaint to proceed as is.

**III.    Conclusion**

For the foregoing reasons, the Court finds the defendants have not established any legitimate reason for dismissing the First Amended Complaint or for striking any allegations therein. Accordingly, the Court **DENIES** the motion (Doc. 18). The Court further **DENIES** as unnecessary the defendants' motion for oral argument on the motion to dismiss and strike (Doc. 33).

**IT IS SO ORDERED.**
**DATED:  October 8, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**